

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| REY NICOLAS MARTINEZ SORIANO; et al., | No. 05-74571 |
| Petitioners, | Agency Nos. A095-200-550 |
|  | A079-803-553 |
| v. | A078-112-697 |
|  | A078-112-698 |
| ERIC H. HOLDER Jr., Attorney General, |  |
|  | MEMORANDUM* |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2010**
San Francisco, California

Before: HALL and McKEOWN, Circuit Judges, and CAMPBELL,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David G. Campbell, United States District Judge for
the District of Arizona, sitting by designation.

An immigration judge denied Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") affirmed. This Court has jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Petitioners allege that if they return to the Philippines they will be persecuted by the New People's Army ("NPA," an armed faction of the Communist Party), the Pascua Group (a criminal organization), and the Philippine government.

Substantial evidence supports the BIA's conclusion that Petitioners have not established that the Philippine government is unwilling or unable to protect them from the NPA and the Pascua Group. In response to Petitioners' complaints about the NPA, the government supplied Petitioners with weapons for self-defense and sent armed troops for assistance. These efforts substantially ameliorated the threat posed by the NPA to Petitioners. When Petitioners complained about a robbery by the criminal organization Pascua Group, the police arrested individuals in connection with the robbery. Although the NPA remained active in a diminished capacity in the Philippines, and members of the Pascua Group escaped from jail after their arrest, the BIA was not required to find that the Philippine government was able to entirely eradicate both organizations before denying asylum. *Lolong v.*

*Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (en banc); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Substantial evidence supports the BIA's conclusion that Petitioners have not established a well-founded fear of persecution. Lead Petitioner Rey Soriano was questioned only once by the Philippine military about whether he was recruiting anti-government forces through his ROTC activities, and he was never detained or harmed in any way. He also claims to have received death threats from unnamed high ranking army officials, but provides no details as to why those threats would yield an objectively reasonable fear of future persecution.

Substantial evidence also supports the BIA's rejection of Petitioners' claims for withholding of removal and relief under CAT. For the same reasons that Petitioners have not shown that the Philippine government was unwilling and unable to control the NPA and Pascua Group, they have not shown that the Philippine government consented or acquiesced to those organizations' activities. *Azanor v. Ashcroft*, 364 F.3d 1013, 1019 (9th Cir. 2004). Because Petitioners have not established past persecution or a well-founded fear of future persecution by the Philippine government, they cannot establish a clear probability of persecution, *Lim v. INS*, 224 F.3d 929, 938 (9th Cir. 2000), or that it is more likely than not they would be tortured by the government. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001).

We reject Petitioners' arguments that the BIA's decision was inadequate for review. The IJ denied Petitioners' relief because (1) they had not shown that the government was unwilling or unable to protect them from the NPA and the Pascua Group; and (2) their mistreatment by the NPA and Pascua Group was not on account of political opinion. The BIA declined to address whether the mistreatment was politically-motivated and affirmed solely on the basis of the government's willingness and ability to protect Petitioners. This court is able to review the BIA's decision on that ground, looking to the IJ's decision to the extent it is specifically referenced by the BIA. *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

Lastly, we reject the Petitioners' arguments that the IJ failed to fully and adequately develop the record below. *Antonio-Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir. 1998). Although the IJ aggressively questioned Lead Petitioner, he gave Petitioners' counsel the opportunity for re-direct, which she declined. The IJ did not impede Petitioners' counsel from presenting favorable testimony, nor did he exclude favorable documentary evidence.

For the foregoing reasons, we **DENY** the petition for review.